# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| DEBORAH MORGAN, ) | |
| ) | Case No. 6:23-cv-518 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, DEBORAH MORGAN, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, WELLS FARGO BANK, N.A., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. DEBORAH MORGAN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Cocoa, County of Brevard, State of Florida.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6. At all relevant times, Plaintiff had an asset account in her name with Defendant (hereinafter, "Plaintiff's Wells Fargo Account").

7. At all relevant times, Plaintiff's Wells Fargo Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8. At all relevant times, Plaintiff's Wells Fargo Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. WELLS FARGO BANK, N.A., (hereinafter, "Defendant") is a business entity that conducts business within the State of Florida. Defendant is incorporated in the State of Florida.

10. At all relevant times, Defendant was a bank that held Plaintiff's Wells Fargo Account.

11. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

13. At all relevant times, an unknown third party, identified as "Tamara", received funds from Plaintiff's Wells Fargo Account, which were "Tamara" via an electronic terminal, telephonic instruction, or computer or

magnetic tape after "Tamara" instructed Defendant to transfer funds to "Tamara" from Plaintiff's Wells Fargo Account.

## IV. ALLEGATIONS

14. On or about December 15, 2022, $999.99 was debited from Plaintiff's Wells Fargo Account.

15. On or about December 15, 2022, $999.00 was debited from Plaintiff's Wells Fargo Account by "Tamara".

16. Prior to December 15, 2022, Plaintiff was not aware of the circumstances relating to the debit of funds from Plaintiff's Wells Fargo Account on December 15, 2022, by "Tamara".

17. Plaintiff did not provide "Tamara" with consent to debit funds from Plaintiff's Wells Fargo Account on December 15, 2022.

18. Plaintiff did not provide Defendant with consent for "Tamara" to debit funds from Plaintiff's Wells Fargo Account on December 15, 2022.

19. Prior to December 15, 2022, Plaintiff was not aware that $999.99 was to be debited from Plaintiff's Wells Fargo Account by "Tamara", as delineated above.

20. On or about December 20, 2022, Plaintiff provided Defendant with oral and written notice that she disputed the debit of funds by third party identified as "Tamara" relative to Plaintiff's Wells Fargo Account on December 20, 2022.

21. On or about December 20, 2022, Plaintiff provided Defendant with information to allow Defendant to identity Plaintiff's Wells Fargo, Account, such as:

    a. Plaintiff's Wells Fargo Account number;

    b. Plaintiff's personal identifying information;

    c. The name under which Plaintiff's Wells Fargo Account was registered;

    d. The date of the transaction which Plaintiff disputed relative to Plaintiff's Wells Fargo Account;

    e. The amount of the transaction which Plaintiff disputed relative to Plaintiff's Wells Fargo Account; and,

    f. The transaction reference number relative to the transaction Plaintiff disputed with respect to Plaintiff's Wells Fargo Account.

22. On or about December 20, 2022, Plaintiff provided Defendant with notice that she believed an error was contained on the aforesaid monthly account relative to the debit of funds by "Tamara" relative to Plaintiff's Wells Fargo Account on December 15, 2022.

23. On or about December 20, 2022, Plaintiff provided Defendant with notice that she believed the debit of funds by third party identified as "Tamara" relative to Plaintiff's Wells Fargo Account on December 15, 2022 was an unauthorized electronic transfer of funds from Plaintiff's Wells Fargo Account to "Tamara".

24. On or about December 20, 2022, Plaintiff provided Defendant with oral and/or written notice of the circumstances as to why the debit of funds by third party identified as "Tamara" on December 15, 2022, was carried out in error, such as:

    a. Plaintiff never authorized the debit of funds from Plaintiff's Wells Fargo Account;

    b. Plaintiff never provided "Tamara" with permission, consent or authority to debit funds from Plaintiff's Wells Fargo Account;

    c. Plaintiff does not know anyone named Tamara; and,

    d. The transaction was inconsistent with any previous account activity.

25. To date, Defendant has not conducted a sufficient investigation relative to the error complained of by Plaintiff.

26. To date, Defendant has not sufficiently reported the result of any putative investigation it conducted relative to the error complained of by Plaintiff.

27. To date, Defendant has not issued Plaintiff a credit for the funds debited by "Tamara" from Plaintiff's Wells Fargo Account.

28. Defendant never provided Plaintiff with written notice of the results of the investigation.

29. Defendant never provided Plaintiff with notice that she is entitled to request the documents or information utilized in coming to the conclusion that Plaintiff authorized this transaction.

30. Defendant failed to conduct any reasonable investigation.

31. Defendant was unreasonable in concluding that Plaintiff made the aforementioned transfer with the information then available to it at the time.

32. Presently, Plaintiff remains without the $999.00 debited by third party identified as "Tamara" from Plaintiff's Wells Fargo Account.

33. Defendant is neither legally responsible or obligated to pay the $999.00 debited by "Tamara" from Plaintiff's Wells Fargo Account.

34. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(a).

35. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(d).

36. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(e)(1) and (2).

37. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer mental anguish and emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiff, DEBORAH MORGAN, by and through her attorneys, respectfully prays for respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c. Plaintiff's attorneys' fees and costs; and,

    d. Any other relief deemed appropriate by this Honorable Court.

## V.     JURY DEMAND

38. Plaintiff hereby demands a trial by jury on all issues so triable.

                                         Respectfully submitted,
                                         **DEBORAH MORGAN**

                                   By:     s/ David M. Marco
                                                     Attorney for Plaintiff

Dated: March 21, 2023

David M. Marco (Lead Counsel)
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
7204 Kyle Court
Sarasota, FL 34240
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:        dmarco@smithmarco.com